**UNITED STATES of America,**
**Plaintiff,**

v.

**Joseph MURACK, Florence Murack, Clarence Joseph Murack, David James Murack, Theodore Ernest Murack, Richard Edward Murack, Donald George Murack, Defendants.**

Civ. No. 3184.

United States District Court
D. North Dakota,
Southeastern Division.

April 18, 1957.

William R. Mills, Asst. U. S. Atty., Fargo, N. D., for plaintiff.

Norton M. Hatlie and Burton L. Green, Wahpeton, N. D., for defendants.

DAVIES, District Judge.

This is an action by the United States to declare certain real estate transfers between the defendants fraudulent and void as against the Government and for a determination that the property in question be decreed to be that of two of the defendants, Joseph and Florence Murack, and praying that said property be subject to the lien of judgments heretofore obtained by the Government against the defendants, Joseph and Florence Murack.

It was tried to the Court without a jury.

It is undisputed that on May 15, 1951, and for years prior thereto the defendants, Joseph and Florence Murack, were indebted to the Government for loans obtained by them for the years, 1934 through 1950.

It is conceded that the Government obtained judgment against the defendant, Joseph Murack, for $4,645.71 on June 11, 1952; that the Government obtained a further judgment against the defendant, Joseph Murack, for $2,945.52, and against the defendant, Florence Murack, in the sum of $956.64 on March 12, 1954; and that none of these judgments has been paid. It is also conceded that on

906

May 14, 1951, the defendants, Joseph and Florence Murack, were solvent.

Testimony showed that in February and March of 1951 Government representatives made repeated efforts to collect indebtedness due the Government to no avail. On or about May 15, 1951, the defendants, Joseph and Florence Murack, conveyed to the defendant Florence Murack, all of their realty fully described in Paragraph III of plaintiff's Amended Complaint.

Subsequently on October 7, 1953, the defendants, Joseph and Florence Murack, conveyed the same realty, in separate parcels, to five of their sons, all of whom are defendants herein, the particular lands and grantees being set out in Paragraphs IV, V, VI, VII and VIII, respectively, of plaintiff's Amended Complaint; and on January 10, 1955, the defendant, Clarence Murack, deeded a parcel of the lands in question to his brother David, the particular description of which is set out in Paragraph IX of plaintiff's Amended Complaint.

The Government contends that the conveyances rendered the grantors, Joseph and Florence Murack, insolvent, that they were without consideration and made with intent to hinder, delay and defraud the Government.

The defendants deny that the conveyances and transfers of property were made with intent to hinder, delay or defraud the Government; deny they were made without a fair consideration; and deny that the transfers rendered the grantors, Joseph and Florence Murack, insolvent.

As a further and separate defense the defendants, Joseph and Florence Murack, claim that on or about December 8, 1952, and before commencement of this action, they tendered the Government the full amount then due it, which tender the Government refused. With this separate defense the Court will deal later.

The Court, aside from the testimony and evidence adduced upon trial of the cause, has had the benefit of written memoranda submitted by both sides to this lawsuit.

The several questions of fact for determination are:

(1) Did the transfer of real estate to Florence Murack on May 15, 1951, and her subsequent transfers render the grantors, Joseph and Florence Murack, insolvent? The Court believes from the testimony and evidence that such transfers did render Joseph and Florence Murack insolvent.

(2) Were the transfers of real estate made with intent to hinder, delay and defraud their creditors, especially the United States of America? The Court believes from the testimony and evidence the transfers were made for the specific purpose of defrauding the United States of America, a creditor of Joseph and Florence Murack.

(3) Were the transfers of property herein made for a fair or a valuable consideration? The Court finds from the testimony and evidence there was neither a fair nor a valuable consideration for any of the transfers which are the subject of this litigation. Admittedly the only consideration for any of the real estate transactions was love and affection. Under the doctrine of Holden v. Walker, 1933, 63 N.D. 372, 248 N.W. 318 such transfers for other than a valuable consideration rendering the transferors insolvent are fraudulent *even without proof of fraudulent intent,* where such transfers result in creditors being hindered and delayed in collection of their debts. (Italics supplied.)

The testimony of Joseph Murack is particularly enlightening. He testified that he suffered an accident early in May, 1951, while hauling rock on a manure spreader. This was some 15 days before his conveyance to his wife, Florence. He was so fearful of an operation and what might happen as a result thereof he was impelled to convey, he testified. He was not certain whether "the operation" was performed in Rochester or Minneapolis when first under Government cross-examination though he later thought it was Rochester. Only by persistent questioning did Joseph Murack finally admit that the claimed injuries

he sustained resulted in treatment for hemorrhoids. Joseph Murack had prior to this trial before a Commissioner testified under oath that he was in Rochester in 1951 for three or four weeks and thought he had paid $420 or $430 cash for treatment there. His wife, however, testified he was gone about a week. In this court Murack's stay in Rochester was much shorter and the cost thereof much less, according to his testimony. Joseph Murack's uncertainty as to whether his operation was in Rochester or Minneapolis was the more perplexing upon examination of Government's Exhibit 15, a transcript of Murack's testimony given June 21, 1955, during which he testified he had once spent six weeks in Minneapolis.

In a similar vein before the Commissioner in 1955 when queried about his ownership of a 1953 automobile, he testified that "two rich daughters" bought him the car. In this court Joseph Murack testified that one daughter bought it, naming her.

Joseph Murack testified he was never asked to pay his debts; yet the testimony on the trial and at least one exhibit, Plaintiff's Exhibit No. 1, clearly demonstrate that he was repeatedly asked to settle his debt. Indeed, defendant, Joseph Murack's own lawyer had this to say in his brief filed April 17, 1957, (line 6, p. 2):

"It cannot be disputed that prior to May 15, 1951, the defendant knew of the existence of his indebtedness to the plaintiff and that plaintiff was attempting to collect from defendant through usual office procedure."

With this statement of counsel the Court agrees.

Joseph Murack's rambling, inconclusive, contradictory testimony and his highly improbable story of attempting to pay his debt to an alleged U. S. Marshal or Deputy Marshal, and of being ordered out of the Marshal's office, does not lend itself to belief, especially in the light of Murack's testimony that he was prepared to pay his debt and that he had borrowed through the county office of the Agricultural Stabilization Corporation of Sargent County, Forman, North Dakota. His assigned reason for not repaying at the office through which he secured the loan was patently afterthought.

The contention of Joseph and Florence Murack set up by way of separate defense that on or about December 8, 1952, and before the commencement of this action they tendered the Government full amount due it, which tender the Government refused, is not supported by so much as a shred of credible evidence.

Testimony of the defendant, Florence Murack, was of little value. She did testify that after the accident involving the rocks, Joseph Murack and the manure spreader, her husband transferred the land to her "in case he didn't come back" from the operation after the alleged injury of early May, 1951. In this connection the following statement from Murack's attorneys at Page 12, Line 5, of their brief is quoted:

"Regarding this injury it appears that it was the primary reason for the conveyance of real estate to his wife, and *if the Court finds that there was in fact an injury*, it follows that the conveyance made at a time when defendant most certainly was solvent was justified; and it is submitted that the defendant's illness of hemorrhoids could have been most severely aggravated by the sheer weight of 2,000 pounds of stone." (*Underlining* supplied.)

The foregoing is illustrative of the welter of conflicting and contradictory theories and explanations with which this case was replete. This Court agrees that "the defendant's illness of hemorrhoids could have been most severely aggravated by the sheer weight of 2,000 pounds of stone." Indeed, the illness likely would have been terminated.

But there is nothing in the record except Joseph Murack's unsupported testimony of any real injuries, and in the case of both Joseph and Florence Murack, both of whom claimed precarious conditions of health, there is not so much

as a physician's letter in the record before the Court. There is a total lack of medical evidence as to the health of either of them.

 The Court is of the opinion that the plaintiff has clearly sustained the burden of proof imposed upon it and is entitled to judgment as follows:

1. That the said transfers by the defendants, Joseph Murack and Florence Murack, to Florence Murack be declared fraudulent and void as against the plaintiff.

2. That the said transfer from Florence Murack and Joseph Murack to Theodore Ernest Murack be declared fraudulent and void as against the plaintiff.

3. That the said transfer from Florence Murack and Joseph Murack to Richard Edward Murack be declared fraudulent and void as against the plaintiff.

4. That the said transfer from Florence Murack and Joseph Murack to David James Murack be declared fraudulent and void as against the plaintiff.

5. That the said transfer from Florence Murack and Joseph Murack to Clarence Joseph Murack be declared fraudulent and void as against the plaintiff.

6. That the said transfer from Florence Murack and Joseph Murack to Donald George Murack be declared fraudulent and void as against the plaintiff.

7. That the said transfer by the defendant, Clarence Murack, to the defendant, David Murack, be declared fraudulent and void as against the plaintiff.

8. That the said property be determined to be property of the defendants, Joseph Murack and Florence Murack, and be subject to the lien of the plaintiff's judgment.

9. That the plaintiff is entitled to its costs and disbursements to be taxed by the Clerk of this court.

Attorneys for the plaintiff will prepare findings, conclusions, order and judgment in conformance with this opinion and transmit them through the Clerk of this court without delay.

It is so ordered.